UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH CAROLINA
*Forty-three (43) CASES*

| | |
|---|---|
| **Terry Maness**, *(aka Terry W. Maness, Terry Wayne Maness, formerly* SCDC # 121322); Manuel Ard; Rufus Belding; Jackie R. Cantrell; Johnny Carrigg; Robert Cogdill; Frank D. Cooper, Sr.; Kyle Crisco; Randy Davenport; Michael Davis; Boyd Dean; Joey Eggers; James Ettel; Timothy Farmer; Charles Finley; Jonathan Francis; Robert Glenn; Alden D. Hiott; Joseph W. Holder; James Hughes; William A. Johnson; Raymond June; John F. Kennedy; Shaun Knox; Ernest Larch; Floyd D. Lipe; Charles Maxfield; Herbert McCoy; Roger Dale McCoy; Keith McHugh; Michael Miller; Kenneth Outen; David Lee Parker; Anthony Perrineau; Stephen Plough; Terry Potts; James Price; James D. Reynolds; Daniel L. Seay; Hubert Spires; James Tutt; Kenneth Whitcraft; and Barney Wilkins, | **C/A Nos. 3:06-382-HMH-BHH** (**Lead Case**); 3:06-671-HMH-BHH; 3:06-673-HMH-BHH; 3:06-674-HMH-BHH; 3:06-675-HMH-BHH; 3:06-676-HMH-BHH; 3:06-677-HMH-BHH; 3:06-678-HMH-BHH; 3:06-679-HMH-BHH; 3:06-680-HMH-BHH; 3:06-681-HMH-BHH; 3:06-682-HMH-BHH; 3:06-683-HMH-BHH; 3:06-684-HMH-BHH; 3:06-685-HMH-BHH; 3:06-686-HMH-BHH; 3:06-687-HMH-BHH; 3:06-689-HMH-BHH; 3:06-691-HMH-BHH; 3:06-692-HMH-BHH; 3:06-693-HMH-BHH; 3:06-694-HMH-BHH; 3:06-695-HMH-BHH; 3:06-696-HMH-BHH; 3:06-697-HMH-BHH; 3:06-698-HMH-BHH; 3:06-699-HMH-BHH; 3:06-702-HMH-BHH; 3:06-703-HMH-BHH; 3:06-704-HMH-BHH; 3:06-705-HMH-BHH; 3:06-709-HMH-BHH; 3:06-711-HMH-BHH; 3:06-712-HMH-BHH; 3:06-713-HMH-BHH; 3:06-714-HMH-BHH; 3:06-715-HMH-BHH; 3:06-716-HMH-BHH; 3:06-719-HMH-BHH; 3:06-722-HMH-BHH; 3:06-723-HMH-BHH; 3:06-724-HMH-BHH; 3:06-725-HMH-BHH |
| Plaintiffs, | |
| vs. | |
| Mr. Jonathan Ozmint, Director; Mr. Parker Evatt; Mr. Michael Moore; Mr. Frederick Dodge; Mr. Gary Maynard; and Mr. William D. Catoe, Ex-Directors, South Carolina Department of Corrections, | Report and Recommendation |
| Defendants. | |

These are forty-three (43) separate civil rights actions filed on February 6, 2006, by persons who are involuntarily confined through the Behavior Disorders Treatment Program operated by the South Carolina Department of Mental Health. The Court has previously designated a "lead case" for docket control purposes and has directed that the Complaint, which is identical in all 43 cases, be served on all defendants. (Entry 12). Service of process was returned un-executed as to five (5) of the defendants (Mr. Parker Evatt; Mr. Frederick Dodge; Mr. Gary Maynard; Mr. Michael Moore, and Mr. William D. Catoe) were not proper. (Entry 17). The Court then entered another order in the cases, directing the plaintiffs, through the lead plaintiff, to submit new service forms with up-dated addresses

for the five un-served defendants so that service of process could be attempted again. (Entry 18). The plaintiffs were specifically informed in both the initial serve order (Entry 12) and in the most recent order (Entry 18) that it was their (plaintiffs') sole responsibility to provide proper and sufficient information to allow service upon the defendants, and that failure to serve any defendant could result in dismissal of that defendant from the case. In the most recent order in the case, the plaintiffs were specifically directed to Federal Rule of Civil Procedure Rule 4(m), which addresses the time limitation for service of defendants in cases such as this. In that regard, the plaintiffs were informed:

> The Plaintiffs' attention is directed to Rule 4(m) of the Federal Rules of Civil Procedure, which provides that unless a particular defendant is served within 120 days after the Complaint is filed, this Court may have to dismiss an action without prejudice as to that particular defendant. Case law interpreting Rule 4(m) or its predecessor, "old" Rule 4(j), has uniformly held that dismissal is mandatory unless good cause is shown if the defendants are not served within 120 days. *See*, *e.g.*, Epstein v. White, 1991 WL 214152 (N.D. Ill., October 18, 1991); *cf*. McMasters v. United States, 260 F.3d 814 (7th Cir. 2001); Mid-Continent Wood Prods., Inc. v. Harris, 936 F.2d 297 (7th Cir. 1991). This means that Plaintiffs have only a limited time in which to obtain good addresses for and serve the persons named as Defendants in these cases.

(Entry 18). In response to the Court's most recent order, without comment or explanation, the plaintiffs submitted up-dated service documents (summonses and Forms USM-285's) for only four of the five un-served defendants. No up-dated service documents were submitted for defendant Mr. Michael Moore. The undersigned magistrate judge issued another serve order for the four defendants for whom up-dated service documents were submitted on June 14, 2006. (Entry 20). That order specifically noted the plaintiffs' failure to submit up-dated forms for defendant Moore and the plaintiffs' evident intent not to pursue the case against defendant Moore. Id.

2

The time for the plaintiffs' compliance with the Court's most recent order (Entry 18) has now passed, and it has now been over 120 days since the filing of the Complaints. Despite having clear notice of the requirements of Rule 4(m), the plaintiffs have not moved the Court for any extension of the time permitted for service of Michael Moore. As a result, their failure to submit up-dated service forms for this defendant or to move the Court to extend the time permitted for service for good cause under Rule 4(m) requires the dismissal of these cases as to Mr. Moore.

### Recommendation

Accordingly, it is recommended that the United States District Court dismiss defendant Michael Moore from each of these cases without prejudice. *See*, *e.g.*, Anderson v. Osh Kosh B'Gosh, 2006 WL 940660 (11th Cir., April 12, 2006); Epstein v. White, 1991 WL 214152 (N.D. Ill., October 18, 1991); *cf*. McMasters v. United States, 260 F.3d 814 (7th Cir. 2001); Mid-Continent Wood Prods., Inc. v. Harris, 936 F.2d 297 (7th Cir. 1991).

The plaintiffs' attention is directed to the important notice on the next page.

Respectfully submitted,

s/ Bruce H. Hendricks
United States Magistrate Judge

June 16, 2006
Greenville, South Carolina

3

# Notice of Right to File Objections to Magistrate Judge's "Report and Recommendation"
# &
# The **Serious Consequences** of a Failure to Do So

The parties are hereby notified that any objections to the attached Report and Recommendation (or Order and Recommendation) must be filed within **ten (10) days** of the date of service. 28 U.S.C. § 636; Fed. R. Civ. P. 72(b). The time calculation of this ten-day period excludes weekends and holidays and provides for an additional three days for filing by mail. Fed. R. Civ. P. 6. A magistrate judge makes only a recommendation, and the authority to make a final determination in this case rests with the United States District Judge. *See* Mathews v. Weber, 423 U.S. 261, 270-71 (1976); Estrada v. Witkowski, 816 F. Supp. 408, 410 (D.S.C. 1993).

During the period for filing objections, but not thereafter, a party must file with the Clerk of Court specific, written objections to the Report and Recommendation, if he or she wishes the United States District Judge to consider any objections. **Any written objections must *specifically identify* the portions of the Report and Recommendation to which objections are made *and* the basis for such objections.** *See* Keeler v. Pea, 782 F. Supp. 42, 43-44 (D.S.C. 1992); Oliverson v. West Valley City, 875 F. Supp. 1465, 1467 (D. Utah 1995). Failure to file specific, written objections shall constitute a waiver of a party's right to further judicial review, including appellate review, if the recommendation is accepted by the United States District Judge. *See* United States v. Schronce, 727 F.2d 91, 94 & n. 4 (4th Cir. 1984); Wright v. Collins, 766 F.2d 841, 845-847 & nn. 1-3 (4th Cir. 1985). Moreover, if a party files specific objections to a portion of a magistrate judge's Report and Recommendation, but does not file specific objections to other portions of the Report and Recommendation, that party waives appellate review of the portions of the magistrate judge's Report and Recommendation to which he or she did not object. In other words, a party's failure to object to one issue in a magistrate judge's Report and Recommendation precludes that party from subsequently raising that issue on appeal, even if objections are filed on other issues. *See* Howard v. Secretary of HHS, 932 F.2d 505, 508-509 (6th Cir. 1991); *see also* Praylow v. Martin, 761 F.2d 179, 180 n. 1 (4th Cir.)(party precluded from raising on appeal factual issue to which it did not object in the district court), *cert. denied*, 474 U.S. 1009 (1985). In Howard,, the court stated that general, non-specific objections are *not* sufficient:

> **A general objection to the entirety of the [magistrate judge's] report has the same effects as would a failure to object. The district court's attention is not focused on any specific issues for review, thereby making the initial reference to the [magistrate judge] useless. * * * This duplication of time and effort wastes judicial resources rather than saving them, and runs contrary to the purposes of the Magistrates Act. * * * We would hardly countenance an appellant's brief simply objecting to the district court's determination without explaining the source of the error.**

*Accord* Lockert v. Faulkner, 843 F.2d 1015, 1017-1019 (7th Cir. 1988), where the court held that the appellant, who proceeded *pro se* in the district court, was barred from raising issues on appeal that he did not specifically raise in his objections to the district court:

> **Just as a complaint stating only 'I complain' states no claim, an objection stating only 'I object' preserves no issue for review. * * * A district judge should not have to guess what arguments an objecting party depends on when reviewing a [magistrate judge's] report.**

*See also* Branch v. Martin, 886 F.2d 1043, 1046 (8th Cir. 1989)("no de novo review if objections are untimely or general"; which involved a *pro se* litigant); Goney v. Clark, 749 F.2d 5, 7 n. 1 (3d Cir. 1984)("plaintiff's objections lacked the specificity to trigger *de novo* review"). **This notice, hereby, apprises the parties of the consequences of a failure to file specific, written objections.** *See* Wright v. Collins; Small v. Secretary of HHS, 892 F.2d 15, 16 (2d Cir. 1989). Filing by mail pursuant to Fed. R. Civ. P. 5 may be accomplished by mailing objections addressed as follows:

**Larry W. Propes, Clerk**
**United States District Court**
**Post Office Box 10768**
**Greenville, South Carolina 29603**