IN THE DISTRICT COURT OF THE UNITED STATES
FOR THE DISTRICT OF SOUTH CAROLINA
COLUMBIA DIVISION

| | |
|---|---|
| Terry Maness, (a/k/a Terry W. Maness, Terry Wayne Maness, formerly SCDC# 121322), Manual Ard (a/k/a Manual C. Ard), Rufus Belding (a/k/a Rufus L. Belding), Jackie R. Cantrell, Johnny Carrigg, Robert Cogdill, Frank D. Cooper, Sr. (a/k/a Frank G. Cooper, Sr., a/k/a Frank Cooper), Kyle Crisco, Randy Davenport, Michael Davis (a/k/a Michael A. Davis, Sr.), Boyd Dean, Joey Eggers, James Ettel, Timothy Farmer, Charles Finley, Jonathan Francis (a/k/a Jonathan C. Francis), Robert Glenn, Alden D. Hiott (a/k/a Alden Hiott), Joseph W. Holder, James Hughes, William A. Johnson, Raymond June, John F. Kennedy, Shaun Knox, Ernest Larch, Floyd D. Lipe, Charles Maxfield, Herbert McCoy, Roger Dale McCoy (a/k/a Roger D. McCoy), Keith McHugh, Michael Miller, Kenneth Outen (a/k/a Kenneth Outen, Sr.), David Lee Parker, Anthony Perrineau, Stephen Plough, Terry Potts, James Price, James D. Reynolds, Daniel L. Seay (a/k/a Daniel Leon Seay), Hubert Spears (a/k/a Hubert Spires), James Tutt, Kenneth Whitcraft, and Barney Wilkins,<br><br>        Plaintiffs,<br><br>vs.<br><br>Mr. Jonathan Ozmint, Director, South Carolina Department of Corrections; Mr. Parker Evatt, Mr. Michael Moore, Mr. Frederick Dodge, Mr. Gary Maynard and Mr. William D. Catoe, Ex-Directors, South Carolina Department of Corrections,<br><br>        Defendants. | Civil Action Numbers:<br>3:06-382-HMH-BHH<br>3:06-671-HMH-BHH<br>3:06-673-HMH-BHH<br>3:06-674-HMH-BHH<br>3:06-675-HMH-BHH<br>3:06-676-HMH-BHH<br>3:06-677-HMH-BHH<br>3:06-678-HMH-BHH<br>3:06-679-HMH-BHH<br>3:06-680-HMH-BHH<br>3:06-681-HMH-BHH<br>3:06-682-HMH-BHH<br>3:06-683-HMH-BHH<br>3:06-684-HMH-BHH<br>3:06-685-HMH-BHH<br>3:06-686-HMH-BHH<br>3:06-687-HMH-BHH<br>3:06-689-HMH-BHH<br>3:06-691-HMH-BHH<br>3:06-692-HMH-BHH<br>3:06-693-HMH-BHH<br>3:06-694-HMH-BHH<br>3:06-695-HMH-BHH<br>3:06-696-HMH-BHH<br>3:06-697-HMH-BHH<br>3:06-698-HMH-BHH<br>3:06-699-HMH-BHH<br>3:06-702-HMH-BHH<br>3:06-703-HMH-BHH<br>3:06-704-HMH-BHH<br>3:06-705-HMH-BHH<br>3:06-709-HMH-BHH<br>3:06-711-HMH-BHH<br>3:06-712-HMH-BHH<br>3:06-713-HMH-BHH<br>3:06-714-HMH-BHH<br>3:06-715-HMH-BHH<br>3:06-716-HMH-BHH<br>3:06-719-HMH-BHH<br>3:06-722-HMH-BHH<br>3:06-723-HMH-BHH<br>3:06-724-HMH-BHH<br>3:06-725-HMH-BHH |

**REPORT AND RECOMMENDATION
OF MAGISTRATE JUDGE**[1]

---

[1] The plaintiffs, with the exception of the lead plaintiff, are listed alphabetically by last name; case numbers are listed chronologically.

These are forty-three (43) separate civil rights actions filed on February 6, 2006, by persons who are involuntarily confined through the Behavior Disorders Treatment Program operated by the South Carolina Department of Mental Health. The Court has previously designated a "lead case" for docket control purposes and has directed that the Complaint, which is identical in all 43 cases, be served on all defendants. [Doc. 12.]  The plaintiffs have also been granted permission to serve and file one copy of any motion or pleading in the lead case for purposes of satisfying their responsibility to do so in all 43 cases. [Doc. 39.]

This matter is before the Court on the motion of the defendants Gary Maynard, Parker Evatt, Michael Moore, Frederick Dodge, and William D. Catoe ("defendants") that they should be dismissed from this case for insufficiency of service of process.  [Doc. 21.] The Court has previously dismissed Defendant Moore. [Doc. 26.] Additionally, the defendants have conceded, in their reply in support of this present motion, that Defendants Evatt, Dodge, and Catoe have now been properly served.  Accordingly, the motion is moot as to them and the only remaining issue is whether Defendant Maynard has been properly served.

Service of process was originally returned un-executed as to all five of the defendants (Mr. Parker Evatt; Mr. Frederick Dodge; Mr. Gary Maynard; Mr. Michael Moore, and Mr. William D. Catoe).  [Doc.17.]  The Court then entered a second serve order in these cases, directing the plaintiffs, through the lead plaintiff, to submit new service forms with up-dated addresses for the five un-served defendants so that service of process could be attempted again. [Doc. 18.] The plaintiffs were specifically informed in both the initial serve order [Doc 12] and in the second order [Doc 18] that it was their sole responsibility

to provide proper and sufficient information to allow service upon the defendants, and that failure to serve any defendant could result in dismissal of that defendant from the case. In the second serve order [Doc. 18], the plaintiffs were specifically directed to Federal Rule of Civil Procedure Rule 4(m), which addresses the time limitation for service of defendants in cases such as this. In that regard, the plaintiffs were informed:

> The Plaintiffs' attention is directed to Rule 4(m) of the Federal Rules of Civil Procedure, which provides that unless a particular defendant is served within 120 days after the Complaint is filed, this Court may have to dismiss an action without prejudice as to that particular defendant.

[Doc 18.]  In response, the plaintiffs submitted up-dated service documents (summonses and Forms USM-285's) for four of the five un-served defendants, including Gary Maynard.

Accordingly on June 14, 2006, the Court ordered the issuance and service of a new summons and the Complaint.  On August 10, 2006, service was again returned as unexecuted upon Maynard.   The plaintiffs have not put forward any reason for failing to provide an effective address for purposes of service. *See Giacomo-Tano v. Levine*, 1999 WL 976481, at *2 (4th Cir. October 27, 1999) (citing *MCI Tele-communications Co. v. Teleconcepts, Inc.*, 71 F.3d 1086, 1097 (3d Cir.1995) ("Generally speaking, in determining whether to dismiss the complaint for a violation of Rule 4(m), the primary focus is on the plaintiff's reasons for not complying with the time limit in the first place.").

The plaintiff's failure to provide an effective address for service violates the Court's second serve order [Doc. 18], and the time for the plaintiffs' compliance with that order has long since passed (June 5, 2006).  Moreover, it has now been over 120 days since both the original filing of the Complaints and the issuance of the second summons. Despite having clear notice of the requirements of Rule 4(m), the plaintiffs have not moved

the Court for any extension of the time permitted to serve Maynard, *see* Fed. R. Civ. P. 4(m), nor have they provided, in response to the motion to dismiss, any good cause for their failure to provide a proper address for service.

## CONCLUSION AND RECOMMENDATION

Wherefore, it is RECOMMENDED that the defendants' motion to dismiss [Doc. 21] be GRANTED as to Gary Maynard and that he be dismissed from this case without prejudice. It is further recommended that the motion be considered MOOT as to the other defendants.

IT IS SO RECOMMENDED.

s/Bruce H. Hendricks
United States Magistrate Judge

December 12, 2006
Greenville, South Carolina.