IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
COLUMBIA DIVISION

| | |
|---|---|
| Terry Maness, (a/k/a Terry W. Maness, Terry Wayne Maness, formerly SCDC# 121322), Manual Ard (a/k/a Manual C. Ard), Rufus Belding (a/k/a Rufus L. Belding), Jackie R. Cantrell, Johnny Carrigg, Robert Cogdill, Frank D. Cooper, Sr. (a/k/a Frank G. Cooper, Sr., a/k/a Frank Cooper), Kyle Crisco, Randy Davenport, Michael Davis (a/k/a Michael A. Davis, Sr.), Boyd Dean, Joey Eggers, James Ettel, Timothy Farmer, Charles Finley, Jonathan Francis (a/k/a Jonathan C. Francis), Robert Glenn, Alden D. Hiott (a/k/a Alden Hiott), Joseph W. Holder, James Hughes, William A. Johnson, Raymond June, John F. Kennedy, Shaun Knox, Ernest Larch, Floyd D. Lipe, Charles Maxfield, Herbert McCoy, Roger Dale McCoy (a/k/a Roger D. McCoy), Keith McHugh, Michael Miller, Kenneth Outen (a/k/a Kenneth Outen, Sr.), David Lee Parker, Anthony Perrineau, Stephen Plough, Terry Potts, James Price, James D. Reynolds, Daniel L. Seay (a/k/a Daniel Leon Seay), Hubert Spears (a/k/a Hubert Spires), James Tutt, Kenneth Whitcraft, and Barney Wilkins,<br><br>                Plaintiffs,<br><br>         vs.<br><br>Mr. Jonathan Ozmint, Director, South Carolina Department of Corrections; Mr. Parker Evatt, Mr. Michael Moore, Mr. Frederick Dodge, Mr. Gary Maynard and Mr. William D. Catoe, Ex-Directors, South Carolina Department of Corrections,<br><br>                Defendants. | Civil Action Numbers:<br>3:06-382-HMH-BHH<br>3:06-671-HMH-BHH<br>3:06-673-HMH-BHH<br>3:06-674-HMH-BHH<br>3:06-675-HMH-BHH<br>3:06-676-HMH-BHH<br>3:06-677-HMH-BHH<br>3:06-678-HMH-BHH<br>3:06-679-HMH-BHH<br>3:06-680-HMH-BHH<br>3:06-681-HMH-BHH<br>3:06-682-HMH-BHH<br>3:06-683-HMH-BHH<br>3:06-684-HMH-BHH<br>3:06-685-HMH-BHH<br>3:06-686-HMH-BHH<br>3:06-687-HMH-BHH<br>3:06-689-HMH-BHH<br>3:06-691-HMH-BHH<br>3:06-692-HMH-BHH<br>3:06-693-HMH-BHH<br>3:06-694-HMH-BHH<br>3:06-695-HMH-BHH<br>3:06-696-HMH-BHH<br>3:06-697-HMH-BHH<br>3:06-698-HMH-BHH<br>3:06-699-HMH-BHH<br>3:06-702-HMH-BHH<br>3:06-703-HMH-BHH<br>3:06-704-HMH-BHH<br>3:06-705-HMH-BHH<br>3:06-709-HMH-BHH<br>3:06-711-HMH-BHH<br>3:06-712-HMH-BHH<br>3:06-713-HMH-BHH<br>3:06-714-HMH-BHH<br>3:06-715-HMH-BHH<br>3:06-716-HMH-BHH<br>3:06-719-HMH-BHH<br>3:06-722-HMH-BHH<br>3:06-723-HMH-BHH<br>3:06-724-HMH-BHH<br>3:06-725-HMH-BHH |

# OPINION & ORDER

This matter is before the court with the Report and Recommendation of United States Magistrate Judge Bruce H. Hendricks, made in accordance with 28 U.S.C. § 636(b)(1) (West Supp. 2006) and Local Civil Rule 73.02 of the District of South Carolina.[1]  The Plaintiffs are currently involuntarily confined pursuant to the Behavior Disorders Treatment Program, which is operated by the South Carolina Department of Mental Health ("DMH").  Each Plaintiff filed a separate civil rights action under 42 U.S.C. § 1983.  For docket control purposes, Terry Maness's case was designated the "lead case," and the parties were permitted to file one copy of any motion or pleading in the lead case, which would satisfy the responsibility to file each motion or pleading in the other cases.  The Defendants filed two motions for summary judgment.  In her Report and Recommendation, Magistrate Judge Hendricks recommends granting the Defendants' motions for summary judgment.

## I. FACTUAL AND PROCEDURAL BACKGROUND

The Plaintiffs are currently in the custody of the DMH under the South Carolina Sexually Violent Predators Act ("SVPA"), which provides for involuntary civil commitment of sexually violent predators who are "mentally abnormal and extremely dangerous" to the custody of the DMH.  S.C. Code Ann. § 44-48-20 (West Supp. 2006).  Pursuant to S.C. Code Ann. § 44-48-100, the Plaintiffs must remain in the custody of the DMH "until such

---

[1] The recommendation has no presumptive weight, and the responsibility for making a final determination remains with the United States District Court.  See Mathews v. Weber, 423 U.S. 261, 270-71 (1976).  The court is charged with making a de novo determination of those portions of the Report and Recommendation to which specific objection is made.  The court may accept, reject, or modify, in whole or in part, the recommendation made by the Magistrate Judge or recommit the matter with instructions.  28 U.S.C. § 636(b)(1).

time as the person's mental abnormality or personality disorder has so changed that the person is safe to be at large and has been released pursuant to" the SVPA. Prior to their civil commitment under the SVPA, the Plaintiffs were incarcerated criminals and housed in the South Carolina Department of Corrections ("SCDC"). (See Pls.' Aff. Generally.) In the complaint filed February 6, 2006, the Plaintiffs allege that the Defendants violated their constitutional right to rehabilitation under the Fourteenth Amendment, and that the failure to provide the Plaintiffs with rehabilitation services while incarcerated has impermissibly prolonged their sentences.

## II. DISCUSSION OF THE LAW

### A. Summary Judgment Standard

Summary judgment is appropriate only "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." Fed. R. Civ. P. 56(c). Rule 56(c) mandates entry of summary judgment "against a party who fails to make a showing sufficient to establish the existence of an element essential to that party's case." Celotex Corp. v. Catrett, 477 U.S. 317, 322 (1986).

In deciding whether there is a genuine issue of material fact, the evidence of the non-moving party is to be believed and all justifiable inferences must be drawn in his favor. See Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 255 (1986). However, "[o]nly disputes over facts that might affect the outcome of the suit under the governing law will properly preclude the entry of summary judgment. Factual disputes that are irrelevant or unnecessary will not be counted." Id. at 248.

3

### B. The Report and Recommendation

Magistrate Judge Hendricks recommended that the court grant the Defendants' motions for summary judgment on the Plaintiff's Fourteenth Amendment claims because (1) there is no federal liberty interest in rehabilitation; (2) the Plaintiffs have failed to show that the conditions of their confinement while incarcerated created an "atypical or significant hardship" in regard to the conditions of their sentence; and (3) the Plaintiffs' sentences were not impermissibly enlarged by the failure to provide rehabilitation services while they were incarcerated. (Report and Recommendation 4-18.) Having recommended dismissal of the Plaintiffs' federal claims, the Magistrate Judge recommended that the court decline to exercise jurisdiction over the Plaintiffs' remaining state law claims. (Id. 18.)

### C. Objections

The Plaintiffs filed objections to the Report and Recommendation. Objections to the Report and Recommendation must be specific. Failure to file specific objections constitutes a waiver of a party's right to further judicial review, including appellate review, if the recommendation is accepted by the district judge. See United States v. Schronce, 727 F.2d 91, 94 & n.4 (4th Cir. 1984). In the absence of specific objections to the Report and Recommendation of the Magistrate Judge, this court is not required to give any explanation for adopting the recommendation. See Camby v. Davis, 718 F.2d 198, 199 (4th Cir. 1983).

#### 1. The Plaintiffs' Objections

Upon review, the court finds that some of Plaintiffs' objections are non-specific, unrelated to the dispositive portions of the Magistrate Judge's Report and Recommendation, or merely restate their claims. However, the Plaintiffs specifically object to the Magistrate

4

Judge's conclusion that the Defendants did not violate the Plaintiffs' due process and equal protection rights under the United States Constitution by failing to provide rehabilitation services while incarcerated in the SCDC.   (Objections 2-3.)

The Plaintiffs concede that there is no constitutional right to participate in rehabilitation programs.  Moody v. Daggett, 429 U.S. 78, 88 n.9 (1976).  However, the Plaintiffs argue that the Defendants violated their state-created liberty interest in rehabilitation by failing to provide rehabilitation services to the Plaintiffs while they were incarcerated in the SCDC in violation of the mandatory language set forth in S.C. Code Ann. § 24-1-20 and Article XII, Sec. 2 of the South Carolina Constitution.  (Objections 2-4.)  The Plaintiffs also argue that the Defendants violated their right to equal protection by failing to provide them rehabilitation services while incarcerated. (Id. 7-8.)  Section 24-1-20 provides that

> It shall be the policy of this State in the operation and management of the Department of Corrections to manage and conduct the Department in such a manner as will be consistent with the operation of a modern prison system, and with the view of making the system self-sustaining, and that those convicted of violating the law and sentenced to a term in the State Penitentiary shall have humane treatment, and be given opportunity, encouragement and training in the matter of reformation.

Article XII, § 2 of the South Carolina Constitution provides that "[t]he General Assembly shall establish institutions for the confinement of all persons convicted of such crimes as may be designated by law, and shall provide for the custody, maintenance, health, welfare, education, and rehabilitation of the inmates."  For the reasons set forth below, the court finds that the Plaintiffs' objections are without merit.

### a. Due Process Clause

"States may under certain circumstances create liberty interests which are protected by the Due Process Clause." Sandin v. Conner, 515 U.S. 472, 483-84 (1995). "In order to show the deprivation of a liberty interest protected by the Due Process Clause, an inmate must show either: (1) the conditions exceed the sentence imposed in such an unexpected manner as to give rise to protection by the Due Process Clause or (2) the confinement creates an atypical or significant hardship in relation to the ordinary incidents of prison life." McNeill v. Currie, 2003 WL 22994233, at *1 (4th Cir. Dec. 22, 2003) (unpublished) (citing Sandin, 515 U.S. at 483-484). Hence, the court must examine both the conditions and duration of the Plaintiffs' incarceration in determining whether the failure to provide rehabilitation programs violated the Plaintiffs' due process rights.

As an initial matter, the Plaintiffs object to the Magistrate Judge's conclusion that the mandatory language in section 24-1-20 and Article XII, Sec. 2 of the South Carolina Constitution is not the focus of the due process inquiry. This objection is without merit. "In Sandin, the Supreme Court abandoned the approach that the mandatory nature of statutory and regulatory language creates a liberty interest protected by the Due Process Clause, and held that the actual focus of the liberty interest inquiry is the nature of the deprivation that a prisoner suffers." Thomas v. Ramos, 130 F.3d 754, 760 (7th Cir. 1997).

### (i). Conditions of Confinement

The Plaintiffs argue that the denial of rehabilitation creates a condition of confinement that is an "atypical or significant hardship." First, the Plaintiffs argue that the conditions of their confinement were atypical because other inmates were provided rehabilitation services.

The Plaintiffs allege that all rehabilitation programs were cancelled for all inmates around 1993. (Pls.' Aff. ¶ 2.) However, the Plaintiffs submit that after 1993, rehabilitation programs were provided to other inmates, including treatment for drug and alcohol, youthful offenders, anger management, and habitual offenders. (Objections 18); S.C. Code Ann. §§ 24-13-1910 & 24-19-150 (1989 & West Supp. 2005). The Plaintiffs argue that the lack of rehabilitation programs while incarcerated is significant because it prevented the Plaintiffs from meeting the requirements in the SVPA, which would have allowed them to be released from confinement at the conclusion of their sentences. (Objections 18-19.)

There is no evidence that the denial of rehabilitation programs created "an atypical or significant hardship in relation to the ordinary incidents of prison life." Sandin, 515 U.S. at 472. The Plaintiffs are currently receiving rehabilitative services pursuant to the SVPA. However, the denial of "social and rehabilitative activities" while incarcerated does not constitute "atypical and significant hardships." Higgason v. Farley, 83 F.3d 807, 809 (7th Cir. 1996). Further, although not binding on this court, the court agrees with the South Carolina Supreme Court's analysis in Sullivan v. South Carolina Dept. Of Corr., 586 S.E.2d 124, 128 (S.C. 2003), that denying an inmate access to certain rehabilitation "does not impose an atypical or significant hardship."

The Plaintiffs allege that Sullivan is distinguishable because the Plaintiffs are not allowed to enter the needed rehabilitation program unless referred pursuant to S.C. Code Ann. § 44-48-50. However, the South Carolina Supreme Court held that "denying Sullivan access to SOTP II or any other sex offender program does not impose an 'atypical or significant hardship' on Sullivan as all other inmates designated as sex offenders are afforded the same

7

access to treatment." Id. at 128.  Likewise, the Plaintiffs were afforded the same access to treatment programs for sex offenders while they were incarcerated.  There is no contention that other incarcerated sexual predators were provided different access to treatment.

Moreover, the Plaintiffs were not subject to the SVPA until they were found to be sexually violent predators.  The court finds that the Plaintiffs have no due process right to have their status determined under the SVPA at a specific time or prior to the completion of their sentences.  Once the Plaintiffs were civilly committed, they were afforded the same access to treatment through the SVPA as other sexually violent predators.  There is no evidence that after the Plaintiffs were committed to the custody of the DMH under the SVPA, the Plaintiffs were denied the same access to treatment and care as other sexually violent predators committed to the DMH.  Based on the foregoing, the court finds that the failure to provide rehabilitation programs to the Plaintiffs does not create a condition of confinement that is an atypical or significant hardship in relation to the ordinary incidents of prison life.

### (ii) Duration of Confinement

The Plaintiffs object to the Magistrate Judge's conclusion that the Plaintiffs' sentences have not been prolonged due to the lack of rehabilitation programs while incarcerated. Specifically, the Plaintiffs argue that, had they been provided the rehabilitation programs during their incarceration, they could have avoided being civilly committed under the SVPA. Further, the Plaintiffs allege that they remain inmates and are housed by the SCDC. However, this objection is without merit.

The Plaintiffs have no right to rehabilitation services while incarcerated.  The Plaintiffs are not entitled to rehabilitation services under the SVPA until they are found to be a sexually

violent predator. S.C. Code Ann. § 44-48-100. The mere fact that the rehabilitation services could have been provided while the Plaintiffs were incarcerated does not render the failure to do so a violation of the Plaintiffs' due process rights. The Plaintiffs were each sentenced to a term of imprisonment. The Plaintiffs were deemed sexually violent predators under the SVPA after they had completed their sentences. (Pls.' Aff. ¶ 4.)

Upon satisfaction of their respective sentences, the Plaintiffs were civilly committed and transferred to the custody of the DMH. The Plaintiffs have not argued that they have been denied rehabilitation services while in the DMH's custody. South Carolina "serves its purpose of treating rather than punishing sexually dangerous persons by committing them to an institution expressly designed to provide psychiatric care and treatment." Kansas v. Hendricks, 521 U.S. 346, 368 n.4 (1997) (internal quotation marks omitted). Based on the foregoing, the court finds that the Plaintiffs' sentences were not extended due to the lack of rehabilitation programs while incarcerated. The Plaintiffs' civil detention might be longer because rehabilitation efforts did not begin until they were in the custody of the DMH. However, the Plaintiffs' civil commitment is non-punitive, as opposed to the Plaintiffs' criminal sentences, which are punitive. See In re Matthews, 550 S.E.2d 311, 316 (S.C. 2001).

Moreover, pursuant to the SVPA, the DMH "may enter into an interagency agreement with the Department of Corrections for the control, care, and treatment of these persons." S.C. Code Ann. § 44-48-100(A) (West Supp. 2006). Pursuant to an interagency agreement, the Plaintiffs were placed in an SCDC facility. Therefore, although the Plaintiffs have

remained in an SCDC facility, they are civilly detained pursuant to the provisions of the SVPA.

### b. Equal Protection Claim

The Plaintiffs further assert that the lack of rehabilitation for sex offenders violates their equal protection rights. In support of their argument, the Plaintiffs allege that the Defendants have not provided rehabilitation for sex offenders but do provide rehabilitation programs for drug and alcohol treatment, anger management, and habitual offenders to other inmates. This claim is without merit.

"Unless a statute provokes strict judicial scrutiny because it interferes with a fundamental right or discriminates against a suspect class, it will ordinarily survive an equal protection attack so long as the challenged classification is rationally related to a legitimate governmental purpose." Kadrmas v. Dickinson Public Schools, 487 U.S. 450, 457-58 (1988) (internal quotation marks omitted). "[T]he Equal Protection Claus is offended only if the statute's [or regulation's] classification rests on grounds wholly irrelevant to the achievement of the State's objective." Id. at 462. The Plaintiffs have not shown that sex offenders are a suspect class or that they have been denied a fundamental right. See Riddle v. Mondragon, 83 F.3d 1197, 1207 (10th Cir. 1996). The court finds that the statutes and regulations providing rehabilitation programs for drug offenders, habitual offenders, and anger management are reasonably related to legitimate penological interests. Based on the foregoing, after a thorough review of the Magistrate Judge's Report and the record in this case, the court adopts Magistrate Judge Hendricks' Report and Recommendation.

Therefore, it is

**ORDERED** that Defendants' motions for summary judgment, document numbers 22 and 32, are granted, and the Plaintiffs' federal claims are dismissed. It is further

**ORDERED** that to the extent the Plaintiffs have alleged state law claims, the court declines to exercise jurisdiction over those claims, and the state law claims are dismissed without prejudice.

**IT IS SO ORDERED**.

s/Henry M. Herlong, Jr.
United States District Judge

Greenville, South Carolina
February 7, 2007

## NOTICE OF RIGHT TO APPEAL

Plaintiffs are hereby notified that they have the right to appeal this order within thirty (30) days from the date hereof, pursuant to Rules 3 and 4 of the Federal Rules of Appellate Procedure.